IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLOTTE CLARK,            :

    Plaintiff,            :

vs.                                    :        CA 06-0045-C

JO ANNE B. BARNHART,        :
Commissioner of Social Security,
                                          :
    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 11 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 12 (order of reference)) Upon consideration of the administrative record, plaintiff's

proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the August 23, 2006 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to back and neck problems, migraine headaches, fibromyalgia, and depression. The Administrative Law Judge (ALJ) made the following relevant findings:

> 1. The claimant met the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through December 31, 1997.
>
> 2. There is evidence that the claimant performed substantial gainful activity after her alleged onset date; therefore, the Administrative Law Judge considered the claimant's alleged disability beginning January 1, 1996.
>
> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1,

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 11 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

Subpart P, Regulation No. 4.

5.   The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.   The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7.   The claimant, as of her alleged onset date, had the following residual functional capacity: the full range of sedentary work.

8.   The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565).

9.   At the time of the claimant's alleged onset date, the claimant was a "younger individual between the ages of 45 and 49" (20 CFR § 404.1563).

10.   The claimant has a 6th grade or "limited" education (20 CFR § 404.1564).

11.   The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568).

12.   Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.18.

13.   The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

(Tr. 31-32)  The Appeals Council affirmed the ALJ's decision (Tr. 7-9) and

thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she could perform the full range of sedentary work prior to the expiration of her insured status and, therefore, is not disabled under the grids, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla

and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ made the following errors: (1) he failed to follow SSR 96-7p and the Eleventh Circuit's pain standard; (2) he failed to make specific findings under Social Security Rulings 85-15 and 96-9p regarding plaintiff's mental impairment; (3) he erred in applying the Grid instead of relying upon the testimony of a vocational expert ("VE"); and (4) he failed to develop the record in the case of an unrepresented claimant. Because it is clear to the undersigned that the ALJ erred in relying exclusively upon the grids to shoulder the Commissioner's fifth-step burden, this Court need not directly address the remaining issues raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It is clear in this circuit that the Commissioner of Social Security must

develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted) Exclusive reliance upon the grids is inappropriate, however, "'"either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills."'" *Id.* at 1202 (quoting *Walker v. Bowen,* 826 F.2d 996, 1002-1003 (11th Cir. 1987), in turn quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). Normally, when nonexertional limitations are alleged "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see Francis*, 749 F.2d at 1566 ("The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony"). "'It is only when the claimant can clearly do *unlimited* types of [sedentary] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which

exists in the national economy.'"  *Allen*, 880 F.2d at 1202 (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A March 30, 1981)).  Where nonexertional impairments are present "[t]he ALJ must '"make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."'"  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citations omitted).

This case must be remanded to the Commissioner of Social Security for further proceedings, including taking testimony from a vocational expert, because the ALJ failed to make a specific finding that plaintiff does not have a nonexertional impairment[2] that significantly limits basic work skills.[3]  This

---

[2]   "A nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction." SSR 85-15.

[3]   In the body of his decision, the ALJ specifically noted the following: "The Medical-Vocational Guidelines may be used to direct an unfavorable decision only if the claimant has the exertional residual functional capacity to perform substantially all (as defined in Social Security Ruling 83-11) of the seven primary strength demands required by work at the given level of exertion (as defined in Social Security Ruling 83-10) **and there are no non-exertional limitations**." (Tr. 30) While the ALJ specifically noted that the Grids are inapplicable where there are significant non-exertional limitations, he failed to make a specific finding, as required in the Eleventh Circuit, *Foote, supra*, that plaintiff's nonexertional limitations were not severe enough (during the insured period) to preclude her performance of the full range of sedentary work. This was error.

error is particularly important in this case since all of the severe impairments[4]
the ALJ found plaintiff to suffer from, that is, depression, migraine headaches,
and back problems (with associated pain),[5] are nonexertional impairments.

---

[4] The Commissioner's regulations recognize that a severe impairment is one which significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920 (c) (2003).

[5] The Commissioner disingenuously argues that the ALJ clearly found plaintiff's depression to be a non-severe impairment. However, the ALJ's decision cannot be read in that manner nor in any way to suggest that plaintiff's migraine headaches and back problems (including pain) are non-severe impairments. In evaluating the evidence, the ALJ noted plaintiff's allegations that "she became disabled on January 1, 1995 due to migraine headaches, depression and back problems[]" (Tr. 21) and shortly thereafter cryptically concludes that "[t]he medical evidence indicates that the claimant has **impairments** that are **severe** within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (Tr. 22 (emphasis supplied)) While the Court would tend to agree with any suggestion that the ALJ should have explicitly recited the severe impairments in the case of an unrepresented claimant, there can be no doubt that the impairments the ALJ referenced on page 22 of the transcript as being severe are those alleged by plaintiff to be disabling, that is, migraine headaches, depression, and back problems (including pain), inasmuch as these impairments are the focus of the ALJ's analysis of the medical evidence and the fourth and fifth steps of the sequential evaluation process (Tr. 23-24, 25-26 & 28-30). In particular, at the very point in his decision that the reader would expect the ALJ to explicitly state that plaintiff's migraine headaches, depression and back problems (including pain) were non-severe impairments during the relevant time period, the ALJ does nothing of the sort. (Tr. 28)

> The claimant, in documentation of record, has alleged migraine headaches, depression and back problems as a basis of disability. The undersigned concludes that, **while the record contains evidence of the existence of these impairments, the objectively demonstrable evidence of record fails to support that the claimant is as impaired as she has alleged**. The undersigned concludes that no credible treating or consultative physician has opined that the claimant **was disabled** because of any physical and/or mental condition or from any resulting symptoms.

(*Id.* (emphasis supplied)) The ALJ's finding that none of plaintiff's alleged disabling

*MacGregor, supra*, 786 F.2d at 1054 ("When there have been nonexertional factors (such as depression and medication side effects) alleged, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert."); *see Foote, supra*, 67 F.3d at 1559 ("Pain is a nonexertional impairment.").[6] As noted by the Eleventh Circuit in *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (2002), "[i]f nonexertional impairments exist, the ALJ may use Medical-Vocational Guidelines as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." The scenario outlined in *Wilson* obviously should have been heeded in this case and, therefore, on remand, the Commissioner need obtain the services of a vocational expert to identify what sedentary jobs, if any, plaintiff could perform prior to the expiration of her insured status in light of her exertional and nonexertional impairments and limitations.

---

impairments were, in fact, disabling, does not equate to an implicit finding that these impairments were non-severe; if that were the case, there would have been no need for the ALJ to progress past the second step of the sequential evaluation process. Given the manner in which the ALJ evaluated the medical evidence and performed fifth-step analysis, it is clear that he considered plaintiff's severe impairments to be migraine headaches, depression and back problems (including pain).

[6] By definition, migraine headaches cause pain and it is clear that the ALJ recognized that the plaintiff suffered from some degree of back pain. (Tr. 25, 26 & 28)

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 1st day of September, 2006.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**